**BOSTWICK & JASSY LLP**
Gary L. Bostwick (*pro hac vice* application pending)
   gbostwick@bostwickjassy.com
Jean-Paul Jassy (*pro hac vice* application pending)
   jpjassy@bostwickjassy.com
12400 Wilshire Boulevard, Suite 400
Los Angeles, California 90025
Tel: 310-979-6059
Fax: 310-314-8401

**KEMP, JONES & COULTHARD, LLP**
Will Kemp (Bar No. 1205)
   mlj@kempjones.com
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
Tel: 702-385-6000
Fax: 702-385-6001

Attorneys for Defendant
LegalZoom.com, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INCORP SERVICES, INC., a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> LEGALZOOM.COM, INC., a Delaware corporation, <br><br> Defendant. | Case No. 2:09-CV-00273-RJH-(LRL) <br><br> **MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM PURSUANT TO FRCP 12(b)(6) AND ALSO TO STRIKE PRAYER FOR RELIEF PURSUANT TO FRCP 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

Dockets.Justia.com

1 Defendant LegalZoom.com, Inc. ("LegalZoom") moves the Court pursuant to the Federal

2 Rules of Civil Procedure ("FRCP"), Rule 12(b)(6), to dismiss the third claim for relief or "cause

3 of action" in the Complaint filed by Plaintiff InCorp Services, Inc. ("Plaintiff") for alleged

4 violations of the Nevada Deceptive Trade Practices Act, NRS § 598.0915, on the ground that

5 Plaintiff fails to state a claim upon which relief may be granted.

6 LegalZoom concurrently moves the Court pursuant to FRCP 12(f) to strike paragraphs 1

7 and 6 from the Complaint's Prayer (at page 6, lines 4-7 and lines 14-15, of the Complaint), on the

8 grounds that those portions of the Complaint are legally invalid and/or immaterial or impertinent

9 because the relief requested is not available as a matter of law and/or equity.

10 The grounds for this Motion are amplified and explained further in the attached

11 Memorandum of Points and Authorities. This Motion is also based all pleadings and records in

12 this action, and such other and further evidence and argument as the Court may accept or

13 judicially notice at a hearing on this Motion.

14 DATED: March 19, 2009

15 **KEMP, JONES & COULTHARD, LLP**

16

17 By _____

18 WILL KEMP
Attorneys for Defendant LegalZoom.com, Inc.

19 **BOSTWICK & JASSY LLP**

20 Gary L. Bostwick (*pro hac vice* application pending)
gbostwick@bostwickjassy.com

21 Jean-Paul Jassy (*pro hac vice* application pending)
jpjassy@bostwickjassy.com

22 12400 Wilshire Blvd., Suite 400

23 Los Angeles, California 90025
Tel: 310-979-6059

24 Fax: 310-314-8401

25

26

27

28

2:09-CV-00273-RJH-(LRL)                 MOTION TO STRIKE THIRD CLAIM AND TO
STRIKE PRAYER FOR RELIEF

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff alleges that it is LegalZoom's competitor.  Competitors may not, however, bring a private claim under Nevada's Deceptive Trade Practices Act ("DTPA").  Thus, Plaintiff's third cause of action for alleged violations of the DTPA should be stricken from the Complaint with prejudice.

Plaintiff prays for a compelled retraction of statements allegedly made by LegalZoom.  There is no legal authority to support Plaintiff's request and any compelled retraction would violate the First Amendment.  This requested relief should, therefore, be stricken from the Complaint.

Plaintiff also prays for preliminary and permanent injunctions in order to restrain a wide range of LegalZoom's future speech.  Plaintiff is asking this Court to issue an unconstitutional prior restraint.  Moreover, if Plaintiff's request were granted, it would constitute an unconstitutionally overbroad restriction on the speech of LegalZoom and all of its agents.  Plaintiff's prayer for injunctive relief cannot be reconciled with the First Amendment and should be stricken.

## II.    STATEMENT OF PERTINENT FACTS

Plaintiff alleges that it is LegalZoom's competitor.  Complaint, ¶ 3.  Plaintiff's Complaint, and each of the three causes of action therein, is based on five purportedly false and defamatory statements (the "Alleged Statements").  Complaint, ¶ 11.  LegalZoom denies that the Alleged Statements were made, and denies that Plaintiff can state any claim based on those statements.  Plaintiff's Prayer asks for a compelled retraction of the Alleged Statements.  Complaint, Prayer, ¶ 6.  The Prayer also requests preliminary and permanent injunctive relief, but not just for the Alleged Statements.  Complaint, Prayer, ¶ 1.  Paragraph 1 of the Prayer calls for a broad injunction against any "false and defamatory" statements that LegalZoom or any of its "agents, employees, representatives, and successors and predecessors in interest" may make against Plaintiff or any of its "subsidiaries, affiliates, officers, or employees."  *Id.*

## III. LEGAL STANDARDS

### A. Standard Pursuant To FRCP 12(b)(6)

A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1159-60 (C.D. Cal. 1998). Although allegations of material fact must be accepted as true, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re VeriFone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993). Leave to amend should not be granted where the complaint cannot be saved. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 991 (9th Cir. 1999). "Summary disposition is *particularly favored* in cases," such as this one, "involving First Amendment rights." *Baugh v. CBS, Inc.*, 828 F.Supp. 745, 752 (N.D. Cal. 1993) (emphasis added).

### B. Standard Pursuant To FRCP 12(f)

FRCP 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinson v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see also Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (motions to strike can "remove unnecessary clutter from the case, they serve to expedite, not delay"). A motion to strike may be used to challenge portions of a prayer calling for injunctive relief. *See, e.g., Wolk v. Green*, 516 F.Supp.2d 1121, 1134 (N.D. Cal. 2007) (striking portion of prayer calling for injunctive relief); *Taylor v. Quall*, 471 F.Supp.2d 1053, 1059 (C.D. Cal. 2007) (same).

## IV. THE THIRD CLAIM SHOULD BE DISMISSED BECAUSE THE DTPA DOES NOT PERMIT COMPETITORS TO BRING A PRIVATE RIGHT OF ACTION

Nevada's Deceptive Trade Practices Act ("DTPA") details the procedures by which the Commissioner of Consumer Affairs, the Director of the Department of Building and Industry, the Attorney General and district attorneys may seek to enforce the DTPA. *See* NRS §§ 598.096, *et seq.* The statute also provides a more general avenue for relief to "injured persons," but only

-4-

1 where an action is commenced by the Attorney General or a district attorney. NRS § 598.0993.

2 Civil penalties for violations of the DTPA all relate to actions brought by government agents.

3 NRS § 598.0999.

4 Private causes of action under the DTPA are strictly limited, and do not include claims

5 brought by competitors. The DTPA has a special provision, which does not apply in this case,

6 permitting a private right of action for elderly persons and persons with a disability. NRS §

7 598.0977. NRS § 41.600 creates a private right of action for some *consumers* under the DTPA.

8 *See Nevada Power Co. v. Eighth Judicial Dist. Ct.*, 102 P.3d 578, 583 n.7 (Nev. 2007) ("NRS

9 Chapter 598 generally provides for a *public* cause of action for deceptive trade practices. NRS

10 41.600, however, provides for a private cause of action by a person who is a victim of consumer

11 fraud and defines 'consumer fraud' to include '[a] deceptive trade practice as defined in NRS

12 598.015 to 598.0925, inclusive'") (emphasis added). This Court has held, however, that business

13 competitors are not considered "consumers" or "victims" under NRS 41.600, and competitors are

14 not thereby conferred standing to sue for a private action pursuant to the DTPA. *Rebel Oil Co.,*

15 *Inc. v. Atlantic Richfield Co.*, 828 F.Supp. 794, 797 (D. Nev. 1991). A federal district court in

16 Illinois, applying Nevada law, interpreted *Rebel Oil* to hold that Nevada's DTPA "permitted suits

17 *only* on behalf of victims of consumer fraud." *Planet Hollywood (Region IV), Inc. v. Hollywood*

18 *Casino Corp.*, 80 F.Supp.2d 815, 888 n. 32 (N.D. Ill. 1999) (emphasis added).

19 Maxims of statutory construction support the conclusion that the DTPA does not confer a

20 private right of action on competitors. Nevada adheres to the maxim *expressio unius est exclusio*

21 *alterius – i.e.,* "omissions of subject matters from statutory provisions are presumed to have been

22 intentional." *Department of Taxation v. DaimlerChrysler Services North America, LLC*, 121 Nev.

23 541, 548 (2005). Viewed another way, under the maxim *inclusio unius est exclusio alterius,* "the

24 inclusion of one is the exclusion of another" – *i.e.,* "'[w]hen a statute limits a thing to be done in a

25 particular mode, it include a negative of any other mode.'" *United States v. Terrence*, 132 F.3d

26 1291, 1294 (9th Cir. 1997). Applying those maxims here, the DTPA is generally designed to

27 provide for *public* causes of action. *Nevada Power Co.*, 102 P.3d at 583 n.7 ("NRS Chapter 598

28 generally provides for a public cause of action for deceptive trade practices"). The DTPA permits

-5-

actions on behalf of "injured persons," in a general sense, but *only* when commenced by the
Attorney General or a district attorney. NRS § 598.0993. Nevada's statutory law provides that
only very particular classes of people may bring private claims under the DTPA: elderly persons,
NRS § 598.0977; persons with a disability, *id.*; and victims of consumer fraud, NRS §
41.600(2)(e).[1] Under the maxims of statutory construction stated above, the DTPA should not be
interpreted to create private rights that are not articulated in the law. The DTPA, and
corresponding statutory law, form a detailed system for enforcement by government agents with
***particular*** provisions for private rights of action, none of which permit private causes of action
brought by one business competitor against another.

Plaintiff here alleges that ***"LegalZoom is Plaintiff's competitor."*** Complaint, ¶ 3.
Plaintiff's allegation is to be taken as true for the purposes of ruling on this Motion. *See In re*
*VeriFone Sec. Litig.*, 11 F.3d at 868. This action clearly was not brought by any government
agent, and does not involve elderly persons, persons with a disability or a claim brought by a
purported "victim" of "consumer fraud," as those terms are defined under the law, *see Rebel Oil*,
828 F.Supp. at 797; *Planet Hollywood*, 80 F.Supp.2d at 888 n. 32. Plaintiff, as an alleged
competitor of LegalZoom, has no standing to bring a private action under the DTPA, and its third
cause of action should therefore be dismissed with prejudice.

## V. PARAGRAPHS 1 AND 6 OF THE PRAYER SHOULD BE STRICKEN

### A. There Is No Authority To Support Plaintiff's Prayer For A Compelled Retraction Of Allegedly False And Defamatory Statements

Plaintiff prays for "[a] public retraction by Defendant relating to all false and defamatory
statements made about Plaintiff[.]" Complaint, Prayer, ¶ 6. There is no authority to support a

---

[1] The DTPA does not ***limit*** other private claims under the "common law" or "***other***
***statutes,***" NRS § 598.0953 (emphasis added); but that does not mean the DTPA ***creates*** or
recognizes any other private rights of action. In *Rebel Oil*, 828 F.Supp. at 797-98, the court
queried in *dicta* whether the predecessor to NRS § 598.0953, which was NRS § 598.490, would
permit a private right of action for a competitor, but the court declined to reach the issue squarely
because it had not been fully briefed by the parties. This Motion and the authorities it cites make
clear that the maxims of statutory construction do not permit a competitor to bring a private action
under the DTPA.

2:09-CV-00273-RJH-(LRL)
MOTION TO STRIKE THIRD CLAIM AND TO
STRIKE PRAYER FOR RELIEF

1  request for such a compelled retraction and this portion of the Prayer should therefore be stricken
2  under FRCP 12(f).

3       The Third Circuit Court of Appeals held in a detailed opinion and after a review of "the
4  available literature and reported decisions" that mandatory retractions are not a permissible
5  remedy:

6            We need not tarry very long over those portions of the district
7            court's orders that sought to force Thompson to write letters of
8            retraction to recipients of prior libelous statements and to withdraw
9            libelous court filings. We have reviewed the available literature
10           and reported decisions.  Although the notion of compelled
11           retraction occasionally has been advanced in the literature, *we have*
12           *not found a single case in which such a remedy has been*
13           *awarded.*

14  *Kramer v. Thompson*, 947 F.2d 666, 680 (3d Cir. 1991) (emphasis added); *see also Frederick v.*
15  *Reed Smith Shaw & McClay*, 1994 WL 57213 (E.D. Pa. Feb. 18, 1994), at *19 (request for order
16  compelling retraction of defamatory statements "finds no support in the law").  The *Kramer* court
17  attributed this unbroken trend in part to the inescapable conclusion that any "compelled retraction"
18  would be an unconstitutional abridgment of First Amendment rights.  947 F.2d at 681.  The court
19  also explained that "compulsory retraction has obvious defects" from a policy perspective. *Id.* at
20  680.  For example, commentators have observed that the "sincerity of a compelled retraction may
21  be doubted, and by reason of that fact it may fall short of achieving real vindication for the
22  defamed person," "third persons may feel that the defamer is merely saying what the law requires
23  him to say without changing his true opinion," and the "technique" of compelled retraction "has
24  not been utilized in the United States, possibly because of judicial reluctance to force an individual
25  to make statements contrary to his convictions." *Id.*

26       There is no support in the law for Plaintiff's request for a compelled retraction, and any
27  such compelled retraction would violate the First Amendment.  Thus, paragraph 6 of Plaintiff's
28  Prayer should be stricken from the Complaint.

-7-

MOTION TO STRIKE THIRD CLAIM AND TO
                                                                    STRIKE PRAYER FOR RELIEF

**B.    A Preliminary And/Or Permanent Injunction On LegalZoom's Future Speech Would Violate The First Amendment**

Plaintiff also prays for "[a] preliminary and permanent injunction and judgment enjoining Defendant and its agents, employees, representatives, and successors and predecessors in interest from making false and defamatory statements about Plaintiff, its subsidiaries, affiliates, officers or employees." Complaint, Prayer, ¶ 1. Plaintiff's request for preliminary and permanent injunctions is not a constitutionally available remedy and should be stricken from the Prayer in the Complaint.

**1.    Injunctions On Purportedly Defamatory Speech Are Presumptively Unconstitutional Prior Restraints, And Have Never Been Upheld By The Supreme Court**

The United States Supreme Court has held that injunctions that "actually forbid speech activities are classic examples of prior restraints" because they impose a "true restraint on future speech." *Alexander v. United States*, 509 U.S. 544, 550 (1993); *see also Madsen v. Women's Health Center, Inc.*, 512 U.S. 753, 797 (1994) (Scalia, J., concurring in part and dissenting in part) ("an injunction against speech is the very prototype of the greatest threat to First Amendment values, the prior restraint"). The Supreme Court repeatedly has recognized that prior restraints constitute "the most serious and least tolerable infringement on First Amendment rights," and are "presumptively unconstitutional." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 558-559 (1976). The Supreme Court has "rejected all manner of prior restraint on publication, despite strong arguments that if the material was unprotected the time of suppression was immaterial." *Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 149 (1967) (citation omitted). Given the extremely heavy presumption against the validity of prior restraints, it is not surprising that "the Supreme Court has never upheld a prior restraint, even when faced with the competing interest of national security of the Sixth Amendment right to a fair trial." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226-227 (6th Cir. 1996).

The Nevada Supreme Court has recognized that the "United States Supreme Court has condemned any system of prior restraint of first amendment rights." *Talk of the Town Bookstore v. City of Las Vegas*, 92 Nev. 466, 470 (1976). Guided by these First Amendment principles, the

-8-

United States Supreme Court repeatedly has invalidated prior restraints, even where the party seeking restraint alleged that the speech at issue was defamatory or purportedly injurious to a party's business practices. *See, e.g., CBS Inc. v. Davis*, 510 U.S. 1315, 1317-18 (1994) (Blackmun, J., Circuit Justice) (finding temporary injunction on broadcast unconstitutional despite allegations that broadcast would be defamatory and cause economic harm); *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 417-19 (1971) (striking down injunction on speech criticizing business practices because it had a "marked impact on petitioners' First Amendment rights"); *Near v. Minnesota ex rel. Olson*, 283 U.S. 697, 705-706 (1931) (rejecting injunction on future publication of newspaper despite publisher's previous dissemination of defamatory material). The Ninth Circuit has held that a *preliminary* injunction on purportedly false speech is particularly problematic: "issuing a *preliminary* injunction against speech based on its falsity would create particularly significant risks to the First Amendment ... [A]n injunction issued 'before an adequate determination that it is unprotected by the First Amendment' presents the 'special vice of a prior restraint.'" *Overstreet v. United Brotherhood*, 409 F.3d 1199, 1218 (9th Cir. 2005) (emphasis in original).[2]

Plaintiff's requested injunctions, and in particular its request for a preliminary injunction, on purportedly "false and defamatory speech" cannot be squared with well-developed First Amendment and prior restraint jurisprudence. Such a remedy is not constitutionally permissible. Accordingly, the relief requested in the first paragraph of the Prayer should be stricken.

### 2. The Injunctions Prayed For By Plaintiff Would Be Unconstitutionally Overbroad

Consistent with the Supreme Court's abhorrence of prior restraints, it has ruled that any injunction restricting speech "must be couched in the narrowest terms that will accomplish the pin-pointed objective" of the injunction. *Carroll v. President and Comm'rs of Princess Anne*, 393

---

[2] *But cf. Guion v. Terra Marketing of Nevada, Inc.*, 90 Nev. 237, 239-40 (1974) (without any mention of First Amendment or prior restraint jurisprudence, and with very little analysis at all, affirming order enjoining defendant from continuing to state, *inter alia*, that plaintiff had threatened to kill defendant).

U.S. 175, 183 (1968); *see also Tory v. Cochran*, 544 U.S. 734, 738 (2005) (striking down injunction on purportedly defamatory speech because it was "overly broad prior restraint upon speech").

The injunctions prayed for by Plaintiff would also be unconstitutional because, if ordered, they would be overbroad for at least three reasons. First, the injunctions would apply to all purportedly "false and defamatory" speech regardless of whether it is the subject of Plaintiff's Complaint, it had ever been spoken before or it had been adjudicated to be either false or defamatory. Second, the injunctions would protect individuals and entities not party to this action. LegalZoom would be enjoined from making purportedly false and defamatory statements about Plaintiff's "subsidiaries, affiliates, officers, [and] employees," regardless of whether there has been any finding or judgment of falsity or defamation as to those entities or individuals. Third, Plaintiff asks this Court to broadly enjoin the speech of LegalZoom's "agents, employees, representatives, and successors and predecessors in interest" without making any of them parties to this action. Plaintiff does not merely ask for an injunction against LegalZoom for the purportedly defamatory statements identified in Paragraph 11 of the Complaint. Plaintiff goes far beyond that.

///

2:09-CV-00273-RJH-(LRL)                    MOTION TO STRIKE THIRD CLAIM AND TO
                                           STRIKE PRAYER FOR RELIEF

## VI. CONCLUSION

For the foregoing reasons, LegalZoom respectfully requests that the Court dismiss Plaintiff's third cause of action with prejudice, and also strike Paragraphs 1 and 6 from the Prayer in the Complaint.

DATED: March 19, 2009

**KEMP, JONES & COULTHARD, LLP**

By _____

WILL KEMP
Attorneys for Defendant LegalZoom.com, Inc.

**BOSTWICK & JASSY LLP**
Gary L. Bostwick (*pro hac vice* application pending)
  gbostwick@bostwickjassy.com
Jean-Paul Jassy (*pro hac vice* application pending)
  jpjassy@bostwickjassy.com
12400 Wilshire Boulevard, Suite 400
Los Angeles, California 90025
Tel:  310-979-6059
Fax: 310-314-8401