**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (admitted *pro hac vice*)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KBInternetLaw.com

**Law Offices of Rasmussen & Kang**
Dowon S. Kang (Bar No. 7042) (*Local Counsel*)
330 S. Third Street, Suite 1010
Las Vegas, Nevada 89101
Telephone: (702) 464-6007
Facsimile: (702) 464-6009
rasmussenkang@gmail.com

Attorneys for Plaintiff
INCORP SERVICES, INC.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **INCORP SERVICES, INC.**, a Nevada corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>**LEGALZOOM.COM, INC.,** a Delaware corporation**,**<br><br>        Defendant. | Case No. 2:09-cv-00273-RLH-LRL<br><br>**FIRST AMENDED COMPLAINT OF INCORP SERVICES, INC. FOR:**<br><br>**(1) TRADE LIBEL (15 U.S.C. §1125(a);**<br>**(2) DEFAMATION;**<br>**(3) ANTI-COMPETITION (15 U.S.C. §1);**<br>**(4) NEVADA ANTI-COMPETITION (NEV. REV. STAT. 598A.160);**<br>**(5) INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGES**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

Case No. 2:09-cv-00273-RLH-LRL           INCORP'S FIRST AMENDED COMPLAINT

Plaintiff InCorp Services, Inc. ("Plaintiff" or "InCorp"), brings this Complaint against LegalZoom.com, Inc., a Delaware corporation ("LegalZoom"), and alleges as follows:

**INTRODUCTION**

1. Plaintiff offers national registered agent services, serving as a registered agent for service of process in all 50 states and in the District of Columbia.

2. LegalZoom is a competitor of Plaintiff. Like Plaintiff, LegalZoom offers its customers registered agent services. Additionally, LegalZoom offers its customers incorporation and business registration services. Customers who use LegalZoom's incorporation services theoretically have the option of using—or not using—LegalZoom's registered agent services.

3. In an effort to sell its registered agent services, LegalZoom has systematically made false and defamatory statements about Plaintiff to LegalZoom's customers. LegalZoom made these statements to prevent the customers from selecting Plaintiff's registered agent service, and to force them to use LegalZoom's registered agent service instead (along with LegalZoom's incorporation services).

4. In effect, LegalZoom has made the purchase of its registered agent services along with LegalZoom's corporate registration services the only viable economic option for its customers.

5. As a result of LegalZoom's misconduct, Plaintiff has been substantially harmed, and continues to suffer injury.

**PARTIES**

6. Plaintiff is a Nevada corporation, with its principal place of business in Henderson, Nevada.

7. Defendant LegalZoom.com, Inc. is a Delaware Corporation with its principal place of business in Los Angeles, California. LegalZoom is Plaintiff's competitor. Upon information and belief, LegalZoom performs registered agent services in the State of Nevada.

//

## JURISDICTION AND VENUE

8. Original subject matter jurisdiction is conferred upon this Court by the Lanham Act, 15 U.S.C. §1111 *et seq*, the United States antitrust laws, 15 U.S.C. §4, and 28 U.S.C. §1331. Supplemental jurisdiction over claims arising under the law of the State of Nevada is conferred upon this Court under 28 U.S.C. §1367.

9. This Court has personal jurisdiction over LegalZoom because LegalZoom has purposefully availed itself of the privilege of conducting activities in this forum, offering services to Nevada customers, offering registered agent services in Nevada to customers in Nevada and other states, targeting Nevada businesses in its marketing, transacting business in Nevada, and employing agents or partners in Nevada. Moreover, as more fully set forth below, LegalZoom has committed tortious acts directed at Plaintiff, a Nevada resident, and Plaintiff's claims are directed to and/or arise out of LegalZoom's forum-related activities.

10. Venue is proper in the District of Nevada pursuant to LR IA 6-1 and 28 U.S.C §1391(b)(2) & (c), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, and because the Defendant is subject to personal jurisdiction in this District. Among other things, Defendant serves as the registered agent in Nevada for over 1800 businesses.

## DEFENDANT'S UNFAIR BUSINESS PRACTICES

11. Plaintiff offers registered agent and other corporate services to businesses seeking to incorporate or otherwise transact business across the various states. Plaintiff was founded in 1998, and is currently the 4th largest national registered agent service provider in the country, with over 55,000 active clients worldwide. Plaintiff offers its registered agent services in all 50 states and in the District of Columbia.

12. Plaintiff's registered agent service includes access to Plaintiff's state-of-the art client website, where, among other things, Plaintiff's customers may check the status of their business entities in multiple jurisdictions on the same webpage, download free copies of filed documents, and check for mail that has been forwarded to them.

13. Like Plaintiff, LegalZoom offers its customers registered agent services. Additionally, LegalZoom offers its customers incorporation and business registration services.

14. Customers who use LegalZoom's incorporation services theoretically have the option of using—or not using—LegalZoom's registered agent services.

15. Upon information and belief, since at least 2008, LegalZoom has intentionally and systematically engaged in a false and defamatory marketing campaign against Plaintiff.

16. On information and belief, customers of LegalZoom who are forming corporations through LegalZoom often wish to select Plaintiff's registered agent service instead of using LegalZoom's registered agent services. These LegalZoom customers are thus prospective customers of Plaintiff.

17. Since at least 2008, telephone representatives of LegalZoom, as a regular business practice, have stated—and continue to state—to potential customers that Plaintiff "<u>is not in good standing</u>" with the state of Delaware, Texas, New York, and other states; that Plaintiff "<u>cannot be used</u>" as a registered agent; that Plaintiff is "<u>not licensed to do business in</u>" certain states; that Plaintiff "<u>cannot legally do business in</u>" certain states; that Plaintiff is "<u>not legal</u>" in certain states; or statements substantially similar thereto.

18. These statements are false, and were false when they were made, as Plaintiff is currently—and has been during all relevant times—in good standing with all fifty states and the District of Columbia.

19. On information and belief, LegalZoom knew these statements were false at the time they made them.

20. LegalZoom made these false statements to prevent customers from using Plaintiff's registered agent service and to pressure customers into using LegalZoom's registered agent service.

21. LegalZoom knew that these customers wished to establish a business

relationship with Plaintiff and to purchase Plaintiff's registered agent services. Thus, LegalZoom made the false statements about Plaintiff with the intent to harm Plaintiff by preventing customers from establishing a relationship with Plaintiff.

22. As a result of LegalZoom's policy of systematically making false statements about Plaintiff, LegalZoom has made the purchase of its registered agent services along with LegalZoom's incorporation services the only viable economic option for its customers. The facts and circumstances surrounding LegalZoom's customer transactions, as a practical matter, forced the customers into purchasing LegalZoom's registered agent service instead of Plaintiff's registered agent service.

23. As a result of its false statements about Plaintiff, LegalZoom was able to enter into agreements to sell its customers LegalZoom's incorporation services only if the customer declined to use Plaintiff's registered agent service.

24. LegalZoom's misconduct has resulted in the destruction of Plaintiff's free access as a competing supplier of registered agent services.

25. On information and belief, LegalZoom has made false statements about Plaintiff to hundreds if not thousands of customers, resulting in significant damages to Plaintiff.

26. On information and belief, LegalZoom continues to make such false statements to consumers and to engage in this anti-competitive activity. As a result, Plaintiff brings this action for injunctive relief and damages.

## FIRST CAUSE OF ACTION

### Trade Libel Pursuant to 15 U.S.C. §1125(a)

27. Plaintiff repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through __ of this complaint.

28. LegalZoom has made, or knowingly conspired and agreed to be made, false or misleading statements to Plaintiff's prospective or existing customers.

29. These false or misleading statements were material, in that they, for example, misrepresented the business, background, quality and overall validity of

1 | Plaintiff's enterprise and services.

2 | 30. Defendant made these false or misleading statements in interstate commerce, in connection with goods or services. Defendant's false or misleading statements are commercial statements of advertising or promotion.

31. As a proximate result of the foregoing acts, Defendant has caused actual harm and is liable to Plaintiff for damages in an amount to be proved at trial.

32. Defendant has engaged in conduct of a malicious, oppressive, or fraudulent nature, thereby entitling Plaintiff to an award of punitive damages.

33. As a direct and proximate result of the actions, conduct, and practices of Defendant's alleged above, Plaintiff has suffered, and will continue to suffer, damages and irreparable harm.

34. Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### Defamation

35. Plaintiff repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 26 of this complaint.

36. Defendant's actions as described above constitute defamation, in that they have made, or knowingly conspired and agreed to be made, false statements regarding Plaintiff.

37. Defendant's statements constitute defamation *per se*, in that they defame Plaintiff in its trade.

38. Defendant has further made, or knowingly conspired and agreed to be made, false statements regarding Defendant itself, in relation to Plaintiff, falsely asserting non-existent qualities or attributes in comparison or contrast to Plaintiff, designed to falsely credit Defendant for qualities they did or do not possess.

39. Defendant knew or should have known that the statements published were false.

40. Defendant published these statements to various third parties without

1 privilege.

41. As a proximate result of the foregoing acts, Defendant has caused actual harm and is liable to Plaintiff for damages in an amount to be proven at trial.

42. Defendant has engaged in conduct of a malicious, oppressive, or fraudulent nature, thereby entitling Plaintiff to an award of punitive damages.

43. As a direct and proximate result of the actions, conduct, and practices of Defendant's alleged above, Plaintiff has suffered, and will continue to suffer, damages and irreparable harm.

44. Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION

### Violation of United States Unfair Competition Laws (15 U.S.C. §1)

45. Plaintiff repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 26 of this complaint.

46. LegalZoom has tied the sale of its corporate registration services to the sale of its registered agent services by preventing customers from using the registered agent service of a competitor.

47. Given LegalZoom's large and growing presence, a substantial amount of interstate commerce has been involved in LegalZoom's misconduct, and LegalZoom occupies a not insignificant portion of the registered agent service market.

48. LegalZoom has sufficient market power with respect to its corporate registration services to appreciably restrain free competition in the market for registered agent services. LegalZoom's misconduct, if continued unchecked, will substantially lessen competition and/or create a monopoly with respect to registered agent services

49. As a proximate result of LegalZoom's misconduct, Plaintiff's has been substantially injured.

*//*

*//*

*//*

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

## FOURTH CAUSE OF ACTION

## Violation of Nevada Unfair Competition Laws (Nev. Rev. Stat. 598A.060 & 598A.160)

1. Plaintiff repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 26 of this complaint.

2. LegalZoom has tied the sale of its corporate registration services to the sale of its registered agent services by effectively preventing customers from using the registered agent service of a competitor.

3. Given LegalZoom's large and growing presence in Nevada, a substantial amount of intrastate commerce has been involved in LegalZoom's misconduct.

4. LegalZoom has sufficient market power with respect to its corporate registration services to appreciably restrain free competition in the market for registered agent services. LegalZoom's misconduct, if continued unchecked, will substantially lessen competition and/or create a monopoly with respect to registered agent services.

5. As a proximate result of LegalZoom's misconduct, Plaintiff's has been substantially injured.

## FIFTH CAUSE OF ACTION

## Interference with Prospective Economic Advantage

6. Plaintiff repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 26 of this complaint.

7. Prospective contractual relationships existed between Plaintiff and numerous customers regarding Plaintiff's registered agent services.

8. LegalZoom knew about these prospective relationships because the potential customers asked LegalZoom about Plaintiff's service.

9. LegalZoom intended to harm Plaintiff by preventing the relationship from forming by making false statements about Plaintiff.

10. No privilege or justification existed for LegalZoom's false statements.

11. Plaintiff has suffered actual harm as a result of LegalZoom's misconduct.

# PRAYER

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That the Court enter a judgment against the Defendant that it has:
   a. Committed and is committing acts of trade libel in violation of 15 U.S.C. §1125(a);
   b. Committed and is committing acts of defamation in violation of Nevada common law;
   c. Committed and is committing acts of unfair competition under 15 U.S.C. §§1, 15;
   d. Committed and is committing acts of unfair competition under NEV. REV. STAT. 598A.060 & 598A.160;
   e. Committed and is committing acts of interference with prospective economic advantage in violation of Nevada common law;
2. That the Court issue injunctive relief against Defendant, enjoining Defendant from:
   a. Engaging in anti-competitive practices in violation of the laws of the United States and the State of Nevada.
3. That the Court order Defendant to pay Plaintiff's damages as follows:
   a. Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to 15 U.S.C. §1117(a) for Defendant's willful false statements and trade libel;
   b. Plaintiff's treble damages under 15 U.S.C. §15 and NEV. REV. STAT. 598A.160 for Defendants' violation of the United States and Nevada anti-competition laws;
   c. Plaintiff's general and specific compensatory damages and punitive damages for Defendants' willful, wanton and extreme defamation of Plaintiff and Defendants' willful, wanton and extreme interference with Plaintiffs' prospective economic advantages under Nevada common law;

d. Plaintiffs' costs and fees under 15 U.S.C. §15 and 15 U.S.C. §1117(a) and NEV. REV. STAT. 598A.160 for Defendants' willful violation of the United States and Nevada anti-competition and the federal Lanham Acts;

e. Such other damages as the Court shall deem appropriate;

f. Interest, including prejudgment interest, on the foregoing sums;

4. That the Court grant to Plaintiff such additional relief as is just and proper.

DATED: April 6, 2009        **KRONENBERGER BURGOYNE, LLP**

By: /s/ Karl S. Kronenberger
    Karl S. Kronenberger

    Attorneys for Plaintiff
    Incorp Services, Inc.

**REQUEST FOR JURY TRIAL**

Plaintiff hereby demands a trial of this action by jury.

DATED: April 6, 2009

**KRONENBERGER BURGOYNE, LLP**

By: /s/ Karl S. Kronenberger
Karl S. Kronenberger

Attorneys for Plaintiff
Incorp Services, Inc.