**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (admitted *pro hac vice*)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KBInternetLaw.com

**Law Offices of Rasmussen & Kang**
Dowon S. Kang (Bar No. 7042) (*Local Counsel*)
330 S. Third Street, Suite 1010
Las Vegas, Nevada 89101
Telephone: (702) 464-6007
Facsimile: (702) 464-6009
rasmussenkang@gmail.com

Attorneys for Plaintiff
INCORP SERVICES, INC.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **INCORP SERVICES, INC.**, a Nevada corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>**LEGALZOOM.COM, INC.,** a Delaware corporation**,**<br><br>　　　　　Defendant. | Case No. 2:09-cv-00273-RLH-LRL<br><br>**PLAINTIFF'S OPPOSITION TO LEGALZOOM.COM, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |

Case No. 2:09-cv-00273-RLH-LRL　　　　　**PLAINTIFF'S OPP. TO LEGALZOOM'S MOT. TO TRANSFER VENUE**

Plaintiff Incorp Services, Inc. ("Incorp") hereby opposes LegalZoom.com, Inc. ("LegalZoom")'s Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) (hereinafter, "Motion").

## I. INTRODUCTION

According to its Motion, LegalZoom didn't do anything wrong. And none of LegalZoom's employees or agents know of any wrongdoing. Yet, LegalZoom claims that all of the witnesses to this nonexistent wrongdoing are located in Southern California. Even if the Court were to accept this twisted logic, LegalZoom's Motion still fails for a variety of reasons. Significantly, LegalZoom ignores several of the relevant factors for analyzing a motion to transfer venue under 28 U.S.C. §1404(a). Had LegalZoom conducted a thorough analysis of these factors, it could only have concluded that a transfer is wholly unwarranted. Among other things:

- LegalZoom completely ignored the significant deference afforded to Plaintiff's choice of venue;
- LegalZoom ignored the substantial contacts that both parties have with the State of Nevada, particularly where LegalZoom serves as the Nevada registered agent for nearly 2,000 companies;
- While LegalZoom complains that 187 of its witnesses are located in Southern California, it does not—and cannot—claim that it has identified these individuals as trial witnesses. And that is the relevant inquiry;
- LegalZoom ignored this Court's greater familiarity with Nevada law;
- LegalZoom ignored the accepted rule that documents and electronic data can be transported between states with minimal expense; and
- LegalZoom asked that this action to be transferred to one of the busiest and congested court systems in the United States.

In light of these facts, it's hard to accept LegalZoom's Motion as a bona fide request to transfer based on convenience. More likely, LegalZoom filed this Motion in a

//

Case No. 2:09-cv-00273-RLH-LRL  1  **PLAINTIFF'S OPP. TO LEGALZOOM'S MOT. TO TRANSFER VENUE**

strategic effort to gain geographic leverage. This is not an acceptable reason to transfer. For all of these reasons, LegalZoom's Motion must be denied.

## II. BACKGROUND

Incorp is a Nevada corporation headquartered in Henderson, Nevada. (Complaint ¶2; Declaration of Tennie Sedlacek In Support of Plaintiff's Opposition to LegalZoom.com, Inc.'s Motion to Transfer Venue ("Sedlacek Decl.") ¶2.) Incorp offers registered agent and other corporate services to businesses. Incorp has about 45 employees, all of whom are located in Nevada. (Sedlacek Decl. ¶3.)

Since at least 2008, LegalZoom, as a regular business practice, has made—and continues to make—false and defamatory statements about Incorp. Several of Incorp's employees have witnessed LegalZoom's misconduct first hand as well as the harm suffered by Incorp as a result of LegalZoom's misconduct. (*Id.*) Incorp intends to call at least three of these employees as witnesses at trial to testify about LegalZoom's publication of defamatory statements and about Incorp's damages. (*Id.*) In addition to Incorp employees, several third-parties witnessed LegalZoom's misconduct. (*Id.* ¶5.) Incorp has identified two of these third-parties as witnesses it intends to call at trial to testify about the false and defamatory statements made by LegalZoom. (*Id.*) These third-party witnesses are located in Nevada and Texas. (*Id.*)

Like Plaintiff, LegalZoom offers its customers registered agent services. Additionally, LegalZoom offers its customers incorporation and business registration services. In contrast to Incorp's 45 employees, LegalZoom has approximately 500 employees. Because Incorp has far fewer employees than LegalZoom, transferring this case to the Central District of California would expose Incorp to a disproportionate hardship. (*Id.* ¶¶4, 6.) Specifically, compelling roughly 7% of Incorp's employees to travel to California for a trial would greatly hinder Incorp's ability to carry out its day-to-day operations and fulfill its obligations to its customers. (*Id.* ¶4.)

LegalZoom has significant contacts with Nevada, serving as the Nevada registered agent for over 1,000 businesses. (Declaration of Jeffrey M. Rosenfeld in

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Support of Plaintiff's Opposition to Defendant LegalZoom.com, Inc.'s Motion to Transfer Venue ("Rosenfeld Declaration") ¶3 & Ex. B.)

### III. ARGUMENT

LegalZoom does not argue that this Court is an improper venue. And LegalZoom admits that Incorp is based in Nevada. And LegalZoom cannot deny that it has a significant presence in Nevada itself, serving as the Nevada registered agent for nearly 2,000 businesses. (Rosenfeld Decl. ¶3 & Ex. B.) Even so, LegalZoom argues that this case should be transferred to California for convenience.

However, LegalZoom's Motion is fundamentally flawed. LegalZoom ignores several of the relevant factors for analyzing a motion to transfer venue under 28 U.S.C. §1404(a).[1] Had LegalZoom conducted a thorough analysis of the relevant factors, it could only have concluded that a transfer is wholly unwarranted. The Court should reject LegalZoom's Motion.

**A.  LegalZoom completely disregards the substantial deference afforded to Plaintiff's choice of venue.**

In its Motion, LegalZoom conveniently ignores that Plaintiff's choice of forum is given "paramount consideration." *Galli v. Travelhost, Inc.*, 603 F. Supp. 1260, 1262 (D. Nev. 1985); *see Miracle Blade, LLC v. Ebrands Commerce Group, LLC*, 207 F. Supp. 2d 1126, 1155 (D. Nev. 2002). In examining a section 1404(a) motion, the plaintiff's choice of forum is entitled to considerable weight. *Duramed Pharmaceuticals, Inc. v. Watson Laboratories, Inc.*, No. 08-001166, slip op., 2008 WL 5232908, *2-3 (D. Nev. Dec. 12,

---

[1] LegalZoom provides the Court with an incomplete list of factors. (Mot. at 5:19-24.) The complete list of relevant factors includes: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.* 211 F.3d 495, 498-99 (9th Cir. 2000). Additionally, courts consider public factors such as the level of congestion of the local docket, the local public interest in the outcome of the case, and avoidance of conflict of laws issues. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Case No. 2:09-cv-00273-RLH-LRL     3     **PLAINTIFF'S OPP. TO LEGALZOOM'S MOT. TO TRANSFER VENUE**

2008), *citing Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). A defendant must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Id.*, *quoting Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). And even then, a transfer of venue is appropriate only where it would eliminate the inconvenience, rather than merely shift it. *See Decker*, 805 F.2d at 843. This deference is particularly robust where the plaintiff resides within the selected forum. *See Miracle Blade*, 207 F.Supp. 2d at 1155.

Plaintiff has been headquartered in Nevada for over a decade and has established a substantial presence within the State. LegalZoom has produced no evidence that Plaintiff's choice should not be afforded the customary robust deference.

**B.  Both parties have significant contacts with Nevada.**

Both parties have significant contacts with Nevada. Plaintiff is a registered Nevada corporation with its principal place of business in Nevada. (Complaint ¶2; Selacek Decl. ¶2.) Plaintiff has always been based in Nevada, and all of Plaintiff's employees are located in Nevada. (Sedlacek Decl. ¶3.)

While LegalZoom is headquartered in California, LegalZoom has a significant presence in Nevada, serving as the Nevada resident agent for over 1,000 companies. (Rosenfeld Decl. ¶3 & Ex. B.) In addition to LegalZoom's contacts with Nevada, LegalZoom purposefully directed its defamatory statements towards Nevada, and witnesses to LegalZoom's misconduct reside in Nevada.

**C.  A substantial part of the events giving rise to Plaintiff's claim occurred in Nevada.**

While LegalZoom claims that "all of the operative facts giving rise to Plaintiff's claims occurred . . . in California," it provides no authority for this analysis. In fact, the case law makes clear that a substantial part of the events giving rise to Plaintiff's claims occurred in Nevada.

Ninth Circuit case law establishes that for defamation and antitrust claims, the locus of misconduct occurs in the state where the misconduct was directed. *See, e.g.*,

1 *Williamson v. American Mastiff Breeders Council*, No. 08-336, 2009 WL 634231, *7-8 (D. Nev. March 6, 2009) (examining location of substantial part of events giving rise to claim and finding location of harm felt by plaintiff from alleged defamation and anti-trust violations was appropriate venue); *Larson v. Galliher*, No. 06-1471, 2007 WL 81930, *3-4 (D. Nev. Jan. 5, 2007) (finding that events giving rise to defamation claim occurred in Nevada where the tortious conduct was aimed at residents of the State); *Cummings v. Western Trial Lawyers Ass'n*, 133 F. Supp. 2d 1144, 1150-51 (D. Ariz. 2001) (finding that a substantial part of the events giving rise to defamation claim clearly occurred within Arizona where defendant directed defamatory letters into Arizona).

Here, LegalZoom engaged in defamation and anti-competitive misconduct directed towards Plaintiff in Nevada. Plaintiff has been headquartered in Nevada for over a decade, LegalZoom's misconduct specifically targeted Plaintiff, and the harm from LegalZoom's misconduct was felt most prominently in Nevada. Moreover, at least some of LegalZoom's defamatory statements were made directly to residents of Nevada, and these statements were made in violation of Nevada's antitrust law.

LegalZoom omits this relevant Ninth Circuit case law in favor of a single, inapposite Pennsylvania case. Even if *Lomanno* were controlling—and it is not—*Lomanno* does not addresses a situation where the defamatory statements were made to residents of the forum state. That is the situation here. As mentioned above, at least some of LegalZoom's defamatory statements were spoken to residents of Nevada.[2] LegalZoom's arguments to the contrary are simply wrong.

**D. While LegalZoom provides some general information about potential witnesses, it fails to identify a single witness who will testify at trial.**

Plaintiff has identified several witnesses who it expects to give trial testimony in this action. (Sedlacek Decl. ¶¶3, 5.) Plaintiff expects these witnesses to testify about LegalZoom's publication of defamatory statements and about Plaintiff's damages. (*Id.*)

---

[2] Telephone communications are necessarily made in two locations: 1) the location of the speaker, and 2) the location of the recipient.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

These witnesses are located in Nevada. (*Id.*) The presence of these witnesses in Nevada weighs strongly in favor of keeping this action here. Moreover, because Plaintiff employs far less people than LegalZoom, compelling one of Plaintiff's employees to travel for a trial would have a much graver impact than compelling a LegalZoom employee to travel. (*Id.* ¶4.)

LegalZoom's vague reference to 187 California witnesses does not alter this calculus. While the convenience of third party witnesses is important in evaluating a motion to transfer, the critical inquiry is whether a particular witness is likely to be called as a witness at trial. *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1363-64 (N.D. Cal. 2007); *see also Mason v. Smithkline Beecham clinical Laboratories*, 146 F. Supp. 2d 1355, 1361 (S.D. Fla. 2001). Trial convenience is what matters. *Id.* "Given the early stage of this action, witness lists are far from definite at this time." *Id.* And where witness lists are in this preliminary stage, with no particular witnesses identified to testify at trial, this factor loses much of its importance. *Id.*

While LegalZoom refers to 187 California witnesses who might have relevant information, LegalZoom fails to identify a single one of these witnesses, or explain what specific information they might have.[3] But even if LegalZoom had identified all 187 of these witnesses and explained their knowledge, this factor would still only cut a small figure, because LegalZoom does not contend that these 187 witnesses will testify at trial. If these witnesses do have relevant information, it can be collected by deposition or interrogatory.

LegalZoom talks out of both sides of its mouth in describing its witnesses. On the one hand, it says that none of its employees or agents engaged in the misconduct. But then, LegalZoom says that 187 of their employees and agents would have knowledge of the misconduct if the allegations are true. Even if this distended logic were accepted, as discussed in *Van Sylke*, a witness does not become a trial witness simply because he or

---

[3] Interestingly, LegalZoom doesn't even know if its former employees and agents are in California. Ms. Pellman makes this statement on "information and belief."

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1 she has relevant knowledge. LegalZoom does not identify one of the purported 187
2 witnesses who will testify at trial or the scope of that testimony. And Plaintiff has no
3 intention to compel the attendance of 187 witnesses for the trial of this action.[4] Thus,
4 despite LegalZoom's lengthy discussion, this factor actually weighs against a transfer.

### E. Nevada is the most familiar with the governing law.

In considering whether to transfer or retain an action, a court must consider what court is the most familiar with the law that will govern the claims. In this case, the answer is this Court. Plaintiff has asserted two Nevada-specific claims: for defamation and for violations of Nevada antitrust laws. These claims will be governed by Nevada common law and statutory law. *See Hanley v. Tribune Pub. Co.*, 527 F.2d 68, 69 (9th Cir. 1975), *citing* RESTATEMENT OF THE LAW (SECOND), CONFLICT OF LAWS §379E (stating that in defamation cases, the law of a plaintiff's domicile usually governs, which is typically the locus of the parties and the defamatory communications). This Court has considerable familiarity in applying Nevada law. By comparison, the Central District of California does not have the same depth of experience. Accordingly, this factor weighs strongly against transferring this action.

### F. There is no appreciable difference in the ease of access to sources of proof.

The ease of access to sources of proof does not cut either way in determining whether to transfer this action. While this factor may come into play when the source of proof comprises an immovable object, like a piece of land or a structure, it generally does not have an effect when documents or computer data are at issue. "With technological advances in document storage and retrieval, transporting documents does not generally create a burden." *Van Slyke*, 503 F. Supp. 2d at 1364-65; *see also*

---

[4] LegalZoom's compulsory process argument fails for the same reason: Because LegalZoom has not identified one trial witness, it cannot say that compulsory process would be unavailable for its defense. LegalZoom simply speculates that there are at least 73 *potential* non-party witnesses to LegalZoom's liability who reside in Southern California. The location of potential non-party witnesses, with an unknown degree of knowledge regarding LegalZoom's liability, does not weigh in favor of transferring the case when Plaintiff has identified specific non-party witnesses who reside in the forum.

Case No. 2:09-cv-00273-RLH-LRL   7   **PLAINTIFF'S OPP. TO LEGALZOOM'S MOT. TO TRANSFER VENUE**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

*Magedson v. Whitney Information Network, Inc.*, No. 08-1715, slip op., 2009 WL 113477, *5 (D. Ariz. Jan. 16, 2009).

LegalZoom's analysis of this factor fails for a variety of reasons. First, while LegalZoom states that its training manuals, policies, and email templates are in California, it fails to explain why these documents are relevant to this action. Second, LegalZoom disregards the other sources of proof in this action, which are located outside of California, such as documents evidencing LegalZoom's misconduct which are in the possession of customers, and documents evidencing injury to Incorp which are in Incorp's possession in Nevada. Finally, LegalZoom has made no showing that transporting its records, or reducing them to electronic form, would cause LegalZoom significant hardship. While transferring this action "may reduce discovery costs somewhat, at least for [LegalZoom], [t]his factor, however, is of diminished importance and is neutral toward transfer." The Court should simply disregard LegalZoom's analysis of this factor.

### G. LegalZoom has presented no evidence that it would be more expensive to litigate this action in Nevada.

LegalZoom presents no evidence that it would be more expensive to litigate this action in Nevada except for its spurious argument regarding the location of 187 supposed witnesses. No matter where this action ends up, one party will have to travel to another state for hearings, conferences, and trial. *See Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998) ("in this era of fax machines and discount air travel" requiring a party to litigate in another state is not unreasonable). Given LegalZoom's substantial presence in Nevada, LegalZoom's larger employee base to buffer against lost employee time, and the seriousness of LegalZoom's misconduct in Nevada, this factor tips toward keeping this action in Nevada.

### H. The Central District of California is far more congested than the District of Nevada.

LegalZoom asks the Court to transfer this action to one of the busiest and congested judicial districts in the United States. In deciding whether to transfer an

action, a court should consider public factors, such as the relative congestion of the two courts' dockets. This Court has a far less congested docket than the Central District of California, with about 80% less cases than the Central District of California. (Rosenfeld Decl. ¶2 & Ex. A.) There is no reason for the people and court of the Central District of California to be burdened by a case where the operative facts most predominantly affected the State of Nevada.

### IV. CONCLUSION

For the foregoing reasons, the court should deny LegalZoom's Motion to transfer this action to the United States District Court for the Central District of California.

DATED: April 6, 2009           **KRONENBERGER BURGOYNE, LLP**

By: s/ Karl S. Kronenberger
    Karl S. Kronenberger

    Attorneys for Plaintiff
    Incorp Services, Inc.